# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**RONALD JAY REYNOLDS AND CHAROLETT KAY REYNOLDS,**<br><br>Debtors,<br><br>**J. KEVIN BIRD, Trustee,**<br><br>Appellant,<br><br>**PRINCE YEATES AND GELDZAHLER,**<br><br>Appellant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18CV398 DAK |

This matter is before the court on appeal from an order of the United States Bankruptcy Court for the District of Utah ("bankruptcy court") denying the full compensation requested by Prince Yeates and Geldzahler ("Appellant"), special counsel to the Chapter 7 Trustee, J. Kevin Bird ("Trustee"), in its First and Final Application for Allowance of Attorney Fees and Costs as supplemented ("Fee Application"). The Trustee joined Appellant in filing this appeal. Appellant's appeal is unopposed, and the court concludes that a hearing would not significantly aid in its determination of the issues presented. The court has carefully considered the materials submitted by Appellant and the law and facts relevant to this appeal. Now being fully advised, the court issues the following Memorandum Decision and Order.

## I. STATEMENT OF THE CASE

This appeal is taken from the bankruptcy court's Memorandum Decision and Order ("Order Denying Compensation"), entered on May 10, 2018, denying Appellant the full compensation requested in its Fee Application. Appellant requested $22,221.50 in fees and $853.44 in costs. The bankruptcy court denied all but $2,896.00 of the requested fees, and approved Appellant's request for costs as prayed.

## II. ISSUES ON APPEAL

Appellant has outlined three issues on appeal. However, the court believes that the first and second issues deal with essentially the same question, which is whether the bankruptcy court erred by misapplying, omitting, or using factors other than those set forth in 11 U.S.C. § 330(a)(3) and *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714 (5th Cir. 1974), in determining the reasonableness of the attorney's fees requested in Appellant's Fee Application. The final issue on appeal is whether the bankruptcy court abused its discretion because its findings were without factual support in the record or the product of an error of law.

## III. STANDARD OF REVIEW

Whether a bankruptcy court has erred in applying the 11 U.S.C. § 330(a)(3) and *Johnson* factors to the denial of a professional's fee application is subject to *de novo* review; its factual findings are reviewed under the clearly erroneous standard. *In re Commercial Fin. Servs.*, 427 F.3d 804, 810 (10th Cir. 2005). "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made." *Id*. "Review of the bankruptcy court's factual

determinations in connection with a fee award is highly deferential, and the factual determinations are reviewed for clear error." *In re Market Center East Retail Property, Inc.* 730 F.3d 1239, 1244-1245 (10th Cir. 2013). A bankruptcy court's discretion is reviewed under the abuse of discretion standard. "Under the abuse of discretion standard[,] 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting *McEwan v. City of Norman,* 926 F.2d 1539, 1553-54 (10th Cir. 1991)).

## IV.   FACTUAL BACKGROUND

### A. Filing of the Bankruptcy Petition

Ronald J. Reynolds and Charolett Kay Reynolds ("Debtors") filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 16, 2016 ("Petition Date"). The Trustee was appointed thereafter. In their bankruptcy filings, the Debtors disclosed two parcels of real property located in Mt. Pleasant, Utah. Debtors stated that, on the Petition Date, they owned a parcel of real property described as "Pine Creek Acres #11" ("Lot 11"), valued at $25,000.00, and secured by a trust deed in the amount of $35,550.00. Debtors also disclosed they had owned another parcel of real property located in Mt. Pleasant, Utah, described as "Pine Creek Acres, Lot #9" ("Lot 9"), which they sold pre-petition to Gary Black ("Black") for $1000 in cash.

### B. Appointment of Special Counsel for the Chapter 7 Trustee

On May 26, 2016, the Trustee filed a motion to employ Appellant to represent him as

special counsel, citing that Appellant would "[a]ssist the Trustee in investigating and recovering any interest the bankruptcy estate may have in property located in Sanpete County which were transferred from the Debtors to Gary Black for less than a reasonably equivalent value." The Trustee believed there was sufficient cause to investigate the Debtors' sale of real property to Black as an avoidable transfer and that there may have been cause to object to the Debtors' discharge if the Debtors had undervalued and sold Lot 9 with fraudulent intent. The bankruptcy court granted the Motion to Employ Special Counsel.

**C. Motion to Extend Time to Oppose Discharge and Order Discharging Debtors**

On June 9, 2016, Appellant filed a Motion to Extend the Time to Oppose the Debtors' Discharge**.** The bankruptcy court held a hearing on the motion on July 12, 2016 and granted the motion on July 29, 2016. The bankruptcy court extended the deadline to oppose discharge to September 17, 2016, and in the absence of opposition to discharge, the bankruptcy court entered its Order Discharging Debtors on September 21, 2016.

**D. Valuation and Sale of Lots 9 and 11**

Appellant attempted to determine the value of Lots 9 and 11 from July through September of 2016. In the year prior to their bankruptcy filing, the Debtors listed those lots for sale for a combined sale price of $80,000.00. Based on this information, Appellant and the Trustee assumed that the lots were comparable in value and worth approximately $40,000.00 apiece.

The Trustee also believed that the Debtors sold Lot 9 for a price significantly below its

fair market value. However, the Debtors provided documentation to the Trustee early in the case disputing these assumptions. The Debtors supplied copies of the 2015 property tax assessments valuing Lot 9 at $660 and Lot 11 at $25,000. The Debtors also provided a plat map to the Trustee showing that certain geographical features of Lot 9 limited access and potential construction, thus making the value of Lot 9 significantly less than that of Lot 11. Additionally, the Trustee was aware that the Debtors had unsuccessfully attempted to sell the lots pre-petition for a combined sale price of $74,900. Despite this information, Appellant and the Trustee spent almost a year working toward the recovery of Lot 9 from Black.

The parties reached a settlement with Black in June of 2017. The settlement provided that Black would transfer Lot 9 to the Trustee in exchange for a refund of the $1000 purchase price he had paid the Debtors. In August 2017, the Trustee sold Lots 9 and 11 together for $60,500. From these sale proceeds, the Trustee paid closing costs, taxes, HOA fees, the realtor's commission, the loan secured by the trust deed on Lot 11, and the $1000 reimbursement to Black, resulting in net proceeds to the Chapter 7 estate of $15,846.34. The Trustee also recovered a tax refund in the amount of $2,394.35, netting a final total of $18,019.72 for the estate.

**E. Special Counsel's Fee Application**

Appellant filed its First and Final Application for Allowance of Attorney Fees and Costs requesting $22,221.50 in fees and $853.44 in costs. Appellant filed two supplements to the Application, the second of which voluntarily reduced its requested fees to $12,646.56. The

bankruptcy court held a hearing on the application and issued a Memorandum Decision making findings of fact and conclusions of law denying all but $2,896.00 of Appellant's requested fees and approving the $853.44 in costs. The bankruptcy court also allowed the Trustee's requested commission of $4,484.72 and costs of $35.00. This appeal followed.

## V. DISCUSSION

A bankruptcy court's review of an attorney's request for compensation is governed by 11 U.S.C. § 330. The statute states in pertinent part that a bankruptcy court "may award…to a professional person employed under section 327 …(A) reasonable compensation for actual, necessary services rendered by the … attorney or paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). When determining reasonable compensation, the statute requires a court to consider "the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this

6

title." *Id.* § 330(a)(3).

In this circuit reasonable compensation is calculated using the adjusted lodestar approach, which "takes into account each of the factors specifically mentioned in § 330(a)(3) plus additional relevant factors." *In re Commercial Fin Servs.*, 427 F.3d 804, 811 (10th Cir. 2005). The Tenth Circuit interprets the additional relevant factors to mean exclusively the twelve *Johnson* factors, which are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974). The Tenth Circuit requires courts to consider all of the § 330(a)(3) factors and any relevant *Johnson* factors in determining the amount of reasonable compensation. *In re Market Center East Retail Property Inc.* 730 F. 3d 1239, 1250 (10th Cir. 2013) ("A bankruptcy court has discretion in determining the reasonableness of a fee, but this discretion does not extend to disregarding factors prescribed by statute. Section 330 and our case law instruct bankruptcy courts to consider the § 330(a)(3) factors as well as *relevant Johnson* factors.") (emphasis added). Notwithstanding the foregoing, § 330(a)(4) prohibits courts from allowing fees for unnecessary duplication of services, for

7

services that were not reasonably likely to benefit the debtor's estate, or for services that were unnecessary to the administration of the case. *Id*. § 330(a)(4)(A).

The principle issue on appeal is whether the bankruptcy court erred by misapplying, omitting, or using factors other than those set forth in § 330(a)(3) and *Johnson*. After reviewing the law *de novo* and scouring the record for clear error, this court finds that the bankruptcy court did not fail to apply the factors it is required to consider, nor did it impermissibly rely on factors outside of the § 330/*Johnson* factors. The § 330/*Johnson* factors are only relevant to a court's analysis of whether fees are reasonable. These factors are not relevant when a court disallows fees pursuant to § 330(a)(4)(A). Appellant mischaracterizes the standard for reviewing fee applications as limited to the adjusted lodestar method. As outlined above, the Tenth Circuit has adopted the adjusted lodestar method in determining the amount of reasonable compensation under § 330, but reasonableness is not the only factor a court must consider when reviewing fee applications under the statute. A court must also determine whether the services performed were actual and necessary. 11 U.S.C. § 330(a)(1)(A). Further, the statute prohibits courts from allowing compensation for services that are unnecessarily duplicative, not reasonably likely to benefit the estate, or unnecessary to the administration of the case. *Id.* § 330(a)(4)(A). If a court finds that services are not compensable under § 330(a)(4)(A), it is unnecessary for the court to also address whether the fees are reasonable. *In re Bird,* 577 B.R. 365, 374-375 (BAP 10th Cir. 2017) (citin*g In re Lederman Enters., Inc.*, 997 F.2d 1321, 1323 (10th Cir. 1993). *See also In re Universal Factoring Co., Inc.*, 329 B.R. 62, 78-79 (Bankr. N.D. Okla. 2005) (explaining that §

330(a)(4) was added to the statute subsequent to the Tenth Circuit's *Lederman* decision, but that "[u]nless the court determines that a service was reasonably likely to confer a benefit upon the estate, the inquiry goes no further, and the fees are not compensable.")).

## A. DISALLOWED FEES UNDER 11 U.S.C. § 330(a)(4)(A)

The bankruptcy court denied the bulk of Appellant's requested fees as unnecessarily duplicative, unnecessary to the administration of the estate, or not reasonably likely to benefit the Debtors' estate under § 330(a)(4)(A). Specifically, the bankruptcy court denied $8,493.50 of fees related to the sale of the Lots, and described in Appellant's Fee Application as "Sale of Property," because these services should have been performed by the Trustee and did not warrant the use of Appellant's time or expertise. Seventy-five percent of these fees were billed by a paralegal and involved communications with the Trustee, the real estate agent, the title company, and potential buyers. The bankruptcy court held that none of these services involved contested or complex legal issues requiring the assistance of legal counsel and so it disallowed all fees in this category as unnecessary to the administration of the estate under § 330(a)(4)(ii)(II). Under the clearly erroneous standard, this court can find no fault with the bankruptcy court's findings related to the sale of property.

The bankruptcy court also denied $400 in fees related to Appellant's review of motions for relief from stay. The bankruptcy court found that Appellant's review of the motions was unnecessary to the administration of the estate under § 330(a)(4)(A)(ii)(II) because this service fell within the scope of duties belonging to the Trustee. Had legal representation been required

after the Trustee reviewed the motions himself, then it may have been reasonable to employ Appellant's services. However, no action was required on the motions and no action was taken. This court cannot find that the bankruptcy court clearly erred by finding that Appellant's review of the motions for relief from stay was unnecessary to the administration of the case.

Appellant argues that the aforementioned rulings improperly interfered with Appellant's and Trustee's business judgment and violated controlling Tenth Circuit law by considering the administrative insolvency of the estate and the Trustee's duties, as outlined in the Department of Justice's Handbook for Chapter 7 Trustees ("Trustee Handbook"), as factors in its analysis. This court disagrees and finds that the bankruptcy court's ruling is not inconsistent with controlling law, nor does it improperly interfere with Appellant's and the Trustee's business judgment. The bankruptcy court did not use the administrative insolvency of the estate or the Trustee Handbook as impermissible factors in determining whether Appellant's fees were reasonable under § 330(a)(3), but rather as references for determining whether Appellant's services were unnecessarily duplicative, not reasonable likely to benefit the estate, or unnecessary to the administration of the estate under § 330(a)(4)(A). While the bankruptcy court is limited to using § 330(a)(3) and relevant *Johnson* factors in determining the reasonableness of attorney's fees, the case law does not prohibit bankruptcy courts from using other resources for guidance in determining whether services are compensable under § 330(a)(4)(A). The bankruptcy court used the Trustee's Handbook to determine which tasks were exclusively in the purview of the Trustee and, consequently, unnecessary to the administration of the estate or unnecessarily duplicative

under § 330(a)(4)(A)(i) and (ii)(II) when performed by Appellant. The bankruptcy court explicitly stated in its Order Denying Compensation that "[u]nnecessary services include tasks that belong to the trustee." The bankruptcy court likewise considered the administrative insolvency of the estate when ruling that Appellant's services were not reasonably likely to benefit the Debtors' estate under § 330(a)(4)(A)(ii)(I). The bankruptcy court made these rulings under § 330(a)(4)(A), not § 330(a)(3), and so the holding of *In re Market Center* is inapplicable.

The bankruptcy court did not interfere with Appellant's and the Trustee's business judgment at any point throughout the course of this case as Appellant alleges. The bankruptcy court approved the employment of Appellant at the outset. It granted Appellant's motion to extend the time to object to the Debtors' discharge. And It granted the motion to sell property of the estate free and clear of liens without hearing. The bankruptcy court did not micromanage or over adjudicate any of the Trustee's or Appellant's day-to-day activities. Appellant takes issue with the bankruptcy court's review of its fee application by finding that many of its services were unnecessary, not beneficial to the estate, or unreasonable. But the bankruptcy court's review of Appellant's fee request does not infringe upon the Trustee's independent duty to administer the estate. It is the bankruptcy court's duty under § 330 of the Bankruptcy Code to review all fee requests of professionals employed under § 327. If it were improper for the bankruptcy court to scrutinize Appellant's time entries related to the administration of the estate, then the purpose of § 330 would be completely subverted.

### B. REDUCED OR DISALLOWED FEES UNDER 11 U.S.C. § 330(a)(3)

The bankruptcy court allowed some reduced compensation for Appellant's services related to the recovery and sale of the Lots, the investigation of the estate assets, and for the extension of time to object to the Debtors' discharge. The bankruptcy court has the authority to award compensation less than the amount of compensation requested under § 330(a)(2). The bankruptcy court reduced Appellant's compensation for these services as unreasonable under § 330(a)(3).

As discussed herein, *In re Market Center* requires courts to use all of the factors listed in § 330(a)(3) and any relevant *Johnson* factors when analyzing whether fees are reasonable. *In re Market Center East Retail Property, Inc.* 730 F. 3d 1239, 1250 (10th Cir. 2013). "A bankruptcy court has discretion in determining how much weight to assign each factor and in determining the reasonableness of a fee, but this discretion does not extend to disregarding factors prescribed by statute. Section 330 and our case law instruct bankruptcy courts to consider the § 330(a)(3) factors as well as relevant *Johnson* factors" *Id.*

In this case, the bankruptcy court did not ignore any of the factors prescribed by § 330(a)(3), and it considered the relevant *Johnson* factors in its reasonableness evaluation as required by *In re Market Center*. The bankruptcy court listed each of the § 330/*Johnson* factors in its analysis. It did not take issue with Appellant's ability or customary fee thus dispensing with the specific factors contained in § 330(a)(3)(B), (E), and (F). As previously stated, it is within the bankruptcy

court's discretion to determine how much weight to assign each factor so long as it does not ignore any of the factors specifically enumerated in the statute. Specifically, with respect to Appellant's services to recover Lot 9, the bankruptcy court reduced its fees by half as unreasonable under § 330(a)(3)(A), (C), and (D), and *Johnson* factors one and eight, because the time Appellant spent on the services was excessive and the sale of the Lots did not result in a benefit to unsecured creditors. With respect to the investigation of assets, the bankruptcy court reduced Appellant's fees as unreasonable under § 330(a)(3)(A), (C), and (D), and *Johnson* factors one and eight, by finding that the time spent on these services was excessive considering the lack of information gained and the results obtained. With respect to the extension of time to object to discharge, the bankruptcy court reduced Appellant's fees as unreasonable under § 330(a)(3)(A), (C), and (D), and *Johnson* factors one and eight, because Appellant spent an excessive amount of time preparing for a hearing that was only scheduled to take five minutes on the bankruptcy court's regular law and motion calendar.

Appellant argues that the bankruptcy court misinterpreted and misapplied the § 330(a)(3)(C) factors and the results obtained *Johnson* factor in its analysis. Section 330 (a)(3)(C) deals with whether a professional's services were necessary to the administration of, or beneficial at the time the services were rendered toward the completion of the case. And *Johnson* factor eight deals with the amount involved and the results obtained. This court finds that the bankruptcy court did not misapply these factors in its analysis. The bankruptcy court carefully considered Appellant's services at the time they were performed.

In its Order Denying Compensation, the bankruptcy court states that "[i]n reviewing fees, the court should objectively assess the benefit to the estate based on the facts known, or that should have been known, to the applicant at the time of the services." *In re McLean Wine Co., Inc.,* 463 B.R. 838, 848 (Bankr. E.D. Mich. 2011)(the court should focus on facts known or that should have been known at critical points during the administration of the case). Appellant asserts that the bankruptcy court improperly focused on the benefit to unsecured creditors rather than the estate more broadly. According to Appellant, the estate is benefitted by any time spent on the recovery and sale of the Lots because the proceeds of the sale will go to pay Appellant's and the Trustee's administrative claims. Appellant cites *In re Furr's Supermarkets, Inc.,* 373 B.R. 691, 699 (10th Cir. BAP 2007), which held that the phrase "benefit of the estate" in 11 U.S.C. § 550 is to be interpreted more broadly than the equivalent of "payment to the general unsecured creditors." (11 U.S.C. § 550 permits a trustee to recover property that is the subject of a transfer avoided under § 547.) This holding does not deal with the bankruptcy court's review of compensation under § 330; however, this court agrees that the beneficial nature of the services in § 330(a)(3)(C) does not exclusively mean a benefit to the unsecured creditors. The benefit must be examined in the context of the estate as a whole at the time the services were rendered.

In this case, the bankruptcy court outlined, in exacting detail, that much of Appellant's services were unnecessary and heavy-handed at the time they were performed. The case was straight-forward and did not involve litigation or the administration of complex assets. The Trustee could have achieved a significant return to unsecured creditors were it not for

14

Appellant's over-lawyering. Thus, in the present instance, the unsecured creditors are of concern and this court does not find error with the bankruptcy court's application of § 330(a)(3)(C) and the results-obtained *Johnson* factor. The bankruptcy court also did not abuse Appellant's or the Trustee's discretion by using the results obtained *Johnson* factor in its analysis. Although a trustee's business judgment is given great deference, "the court must always scrutinize whether the trustee has fulfilled his duty to 'maximize the value obtained from a sale, particularly in liquidation cases.'" *In re Psychometric Systems, Inc.,* 367 B.R. 670, 674 (Bankr. D. Colo. 2007) (citing *In re Bakalis,* 220 B.R. 525, 532 (Bankr. E.D.N.Y. 1998)). And, as more thoroughly explained above with respect to Appellant's business judgment, the bankruptcy court's review of Appellant's fee request does not infringe upon the Trustee's independent duty to administer the estate.

## C. ADDITIONAL CONSIDERATIONS

Appellant alleges that the bankruptcy court erred by insisting on a meaningful distribution to unsecured creditors inconsistent with the distribution priorities set forth in 11 U.S.C. § 507(a)(1)(C). But Appellant's assertion is contrary to law. A court's award of professional fees under § 330 precedes the priority payment of those fees. Pursuant to § 503(b)(2), compensation that is *awarded* to a professional under § 330 shall be an allowed administrative expense and entitled to priority under § 507(a)(1)(C). The language of § 507(a)(1)(C) reemphasizes this by stating that the *allowed* administrative expenses of the trustee under paragraph 503(b)(2) shall be paid before payment of other claims under § 507. Thus, only

15

*allowed* expenses are entitled to priority under the code, and a bankruptcy court must first determine whether a professional's fees are allowable under § 330 before those fees shall be payable in the order of priority set forth in § 507(a)(1)(C). Appellant could not have a priority claim until such time as it had an allowed claim, and the bankruptcy court could not disrupt the priority order of Appellant's claim before it was allowed. Appellant's argument otherwise is illogical.

Appellant further asserts that the bankruptcy court's insistence on a meaningful distribution to the unsecured class is inconsistent with its contract of employment with the Trustee. The contract of employment between Appellant and the Trustee is irrelevant to the bankruptcy court's obligation to review compensation under § 330. It is not the bankruptcy court's role to ensure that Appellant is compensated pursuant to the terms of its contract with the Trustee. Under § 330, the bankruptcy court has an independent duty to review counsel's fee requests and, after notice and a hearing, the bankruptcy court has the authority to disallow, reduce, or award compensation in a manner fitting with controlling law and the facts of the matter at hand. This determination has no relationship to the parties' contract of employment. *In re Market Center East Retail Property, Inc.* 730 F. 3d 1239, 1251 (10th Cir. 2013) ("The bankruptcy court is correct in concluding that it is not bound by the parties' compensation agreement in calculating reasonable compensation under § 330. As the Ninth Circuit explained, enforcement of prebankruptcy fee agreements would "contradict the policy reason for granting administrative expense priorities, which is that the estate as a whole is benefitted if general

creditors subordinate their pre-bankruptcy claims in order to secure goods and services necessary to an orderly and economical administration of the estate after the petition is filed." *In re Yermakov*, 718 F.2d 1465, 1470 (9th Cir. 1983)(holding that reasonable compensation under § 330 should not be determined upon a pre-bankruptcy contingency fee agreement); *see also In re Citation Corp.*, 493 F.3d 1313, 1319 (11th Cir. 2007) (holding that it was error to emphasize the parties' pre-bankruptcy contract in determining reasonable fees under § 330)).

Appellant argues that the bankruptcy court erred by requiring fee applicants to exercise billing judgment. In its Order Denying Compensation, the bankruptcy court stated that,

> The symbiosis between some trustees and their regular counsel is too obvious to miss by any standard except willful blindness. The same trustees routinely hire the same one or two attorneys at all times, regardless of the issue. The trustees become all too willing to pay any rate for any service that the court approves. The attorney will provide fantastic personal service and free the trustee's time for other paying endeavors while the trustee's commission is calculated at a fixed expense…The disconnect is that the American legal system is an adversarial system, and this piece of the bankruptcy system has no adversary. Moreover, the client (the trustee) is not dealing with his or her own money. The front line responsibility for controlling the cost of legal services has been shifted from the trustee to the court. This is not how the system was designed to operate.[1]

The bankruptcy court is simply asking that professionals scrutinize their own fee requests by eliminating duplicative and unnecessary charges, as they would when billing a regular client. In a like manner, the bankruptcy court also asks trustees to monitor professional's services as a private client would do, calling into question unnecessary services and reining in costs when fees grow disproportionate to the available proceeds. This court finds this requirement reasonable and

---

1 *In re Kieffer,* 306 B.R. 197, 211 (Bankr. N.D. Ohio 2004)

not beyond the bankruptcy's court's discretion. A normal client would not agree to pay for services it found to be unnecessary, duplicative, unreasonable, or without benefit.

Appellant also alleges that the bankruptcy court's insistence on a formal cost benefit analysis improperly infringes on the trustee's discretion. This is not so. The bankruptcy court is not requiring a formal cost-benefit analysis before trustees decide whether to abandon or sell property of the estate. Rather, the bankruptcy court suggested that such an analysis might have avoided an unnecessary accrual of fees. This suggestion is in keeping with the bankruptcy court's aim of having professional's exercise billing judgment and is not unreasonable or beyond its discretion. Therefore, this court finds that the bankruptcy court did not err by requiring Appellant to exercise billing judgment in its fee application.

Next, Appellant argues that the bankruptcy court ruled contrary to law by requiring trustees to include information about an estate's administrative insolvency in motions to sell under 11 U.S.C. § 363(b)(1). This court disagrees. The requirement is consistent with controlling law and the purpose of § 363. Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may…sell…, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In most instances, if proper notice is given and no objections are filed, the matter is not heard by the court and motions are routinely granted. *In re Bakalis,* 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998)(See *In re Telesphere Communications, Inc.,* 179 B.R. 544, 552 & n. 8 (Bankr. N.D. Ill. 1994)). Such is the case in the matter presently before this court. Appellant filed a motion to sell on behalf of the Trustee and, when no objections were filed, the bankruptcy

18

court granted the motion without hearing. Appellant did not inform the court that the estate was administratively insolvent at the time it filed the motion to sell property. The bankruptcy court was concerned that interested parties may have objected had they known that all proceeds from the sale were slated to be paid solely to Appellant and the Trustee. For an interested party to object to a motion to sell, it must first have all relevant information before it. The bankruptcy court was not being heavy-handed nor was it usurping the trustee's authority to administer property of the estate by requiring trustees to include information about the administrative insolvency of the estate in motions to sell. The court was seeking to increase transparency so that interested parties could make informed objections. The burden to respond remains with the objecting party. If no objections are filed, there is no indication that the bankruptcy court would not continue to grant motions to sell without hearing. "In fact, an order authorizing the sale is not required if the trustee gave proper notice and no party filed a timely objection." *In re Psychometric Systems, Inc.,* 367 B.R. 670, 674 (Bankr. D. Colo. 2007). The requirement gives interested parties more information regarding the sales of property and the return to estate claimants. For these reasons, this court finds that the bankruptcy court did not err and its ruling that trustees must include information about the administrative insolvency of an estate in motions to sell is affirmed.

The final issue on appeal is whether the bankruptcy court abused its discretion because its findings were without factual support in the record or the product of an error of law. A bankruptcy court's discretion is reviewed under the abuse of discretion standard. "Under the

abuse of discretion standard[,] 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting *McEwan v. City of Norman,* 926 F.2d 1539, 1553-54 (10th Cir. 1991)). Based on the facts and reasoning previously addressed herein, this court concludes that the bankruptcy court did not abuse its discretion, it provided detailed findings and analysis, its findings and conclusions are within the bounds of permissible choice, and there is no basis for this court to reverse its rulings.

## IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the bankruptcy court's Order Denying Full Compensation to Appellant, dated May 10, 2018, is AFFIRMED in its entirety.

DATED this 24th day of September, 2019.

BY THE COURT:

DALE A. KIMBALL
United States District Judge